UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Ernst,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Commercial Recovery Systems, Inc.,<br><br>　　　　Defendant. | Civil File No.: _____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and Defendant's Unlawful Practices of Law.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1692k(d), and under 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff John Ernst ("Ernst" or "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Commercial Recovery Systems, Inc. ("CRS" or "Defendant"), upon information and belief, is a foreign corporation that operates as a debt collection

agency from an address of 8035 East R.L. Thornton Fwy, Suite 220, Dallas, Texas 75228.  CRS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with unknown creditor, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before February 2010.

9. On or about February 23, 2011, CRS left the following telephonic communication for Plaintiff in an attempt to collect a debt and in connection with the collection of a debt:

> Um, this message is for John Ernst.  This is Ms. Davis.  I'm calling concerning case number 2909842, last four social 8517.  Um, it looks like you've been dealing with, um, Veronica concerning your case that specialty processed [unintelligible] um, that was pending against you.  Um, this is Ms. Davis. I'll go ahead and process the case, um, against you and also give the property on 6317 Colfax Avenue South.  My number at the office is 1-800-214-5355 at extension 1155.  1-800-214-5355, at extension 1155.  If you don't have an attorney representing you, one will be appointed.  Thank you.

10. Plaintiff has not been served with a lawsuit by CRS or any employee or agent of CRS.

11. CRS's telephonic communication violated 15 U.S.C. § 1692e(A)(2) because CRS falsely represented and implied that lawsuit was pending against Plaintiff for the debt that CRS was trying to collect from Plaintiff.

12. CRS's telephonic communication violated 15 U.S.C. § 1629e(3) because CRS falsely represented and implied that it was an attorney when none of the employees at CRS are licensed attorneys.

13. CRS's telephonic communication violated 15 U.S.C. § 1692e(5) because CRS threatened to serve Plaintiff with a lawsuit when CRS had no intention of serving Plaintiff with the lawsuit.

14. CRS's telephonic communication violated 15 U.S.C. § 1692e(10) because CRS employed false and deceptive means in an attempt to collect a debt when it falsely represented that Plaintiff was going to be served with a lawsuit.

15. CRS's telephonic communication violated 15 U.S.C. § 1692f because CRS employed unfair and unconscionable means in an attempt to collect a debt when CRS falsely represented and implied that Plaintiff was going to be served with a lawsuit.

16. CRS's telephonic communication violated 15 U.S.C. § 1692d(6) and 1692e(11) because CRS failed to provide a meaningful disclosure and CRS failed to state that the telephonic communication was from a debt collector.

17. On or about February 22, 2011, CRS left the following telephonic communication for Plaintiff in an attempt to collect a debt and in connection with the collection of a debt:

> Yes, John Ernst, my name is Toni Taylor. This message has generated you legal letters of notification all marked urgent dating as far back as October of 2010 to the Humboldt Avenue South address. We have called you . . . left messages for you. It has been noted. Your silence has been noted as a flat refusal. We've been trying to alert [unintelligible], um, legal letters of notification are marked urgent that a claim has been filed this tax season against your social security number that last four digits being 8517. Your silence has created an urgency. We're quickly approaching end of year tax season and you have as of yet to respond. Your reference is to 2909842. You can ask for Toni Taylor. 800-214-7858.

18. CRS's telephonic communication violated 15 U.S.C. § 1692e(2)(A) because CRS falsely represented that a lawsuit or other legal matter was pending against Plaintiff.

19. CRS's telephonic communication violated 15 U.S.C. 1692e(5) because CRS falsely threatened and implied that CRS was going to seize Plaintiff's tax refund.

20. CRS's telephonic communication violated 15 U.S.C. § 1692e(10) because CRS employed false and deceptive means when it represented and implied that CRS was going to seize Plaintiff's tax refund.

21. CRS's telephonic communication violated 15 U.S.C. § 1692f because CRS employed unfair and unconscionable means in an attempt to collect a debt and in connection with the collection of a debt when CRS falsely implied and represented that Plaintiff's tax refund was going to be seized.

22. CRS's telephonic communication violated 15 U.S.C. §§ 1692d(6) and 1692e(11) because CRS failed to provide a meaningful disclosure and because CRS failed to disclose that the communication was from a debt collector.

23. CRS's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress damages, which include but are not limited to, humiliation, anxiety, and stress at home and at Plaintiff's work.

24. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of CRS's acts and omissions.

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

26. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

27. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq*.

28. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

29. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

30. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendants, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## UNAUTHORIZED PRACTICE OF LAW

## MINN. STAT. § 481.02

31. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

32. Defendant foregoing acts as described herein in attempting to collect this alleged debt by the false threat of suit in Minnesota State District Court constitutes the unauthorized practice of law in Minnesota.

33. Plaintiff is therefore entitled to declaratory relief pursuant to Minn. Stat. § 481.02 subdiv. 8 and § 8.31 subdivs. 2 and 3a, declaring Defendant's action as described herein to be the unauthorized practice of law in violation of Minn. Stat. § 481.02.

34. Plaintiff is therefore entitled to injunctive relief pursuant to Minn. Stat. § 481.02 subdiv. 8, and § 8.31 subdivs. 3 and 3a, enjoining Defendant from engaging in the unauthorized practice of law in violation of Minn. Stat. § 481.02.

35. Plaintiff is therefore entitled to Plaintiff's attorney's fees, costs or investigation, and costs pursuant to Minn. Stat. § 481.02 subdiv. 8, and § 8.31 subdivs. 3 and 3a.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and
- For such other and further relief as may be just and proper.

### COUNT II: UNAUTHORIZED PRACTICE OF LAW MINN. STAT. § 481.02

- Declaring Defendant's actions as described herein to be the unauthorized practice of law in violation of Minn. Stat. § 481.02;
- Enjoining Defendant from engaging in the unauthorized practice of law in violation of Minn. Stat. § 481.02; and
- Awarding Plaintiff attorney's fees, costs of investigation, and costs pursuant to Minn. Stat. § 481.02 subdiv. 8, and § 8.31 subdivs. 3 and 3a;

Dated:  November 9, 2011.          **MARSO AND MICHELSON, P.A.**


By:   s/Patrick L. Hayes
      Patrick L. Hayes (0389869)
      William C. Michelson (129823)
      Attorneys for Plaintiff
      3101 Irving Avenue South
      Minneapolis, Minnesota 55408
      Telephone: 612-821-4817
      phayes@marsomichelson.com